UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| **EBERAIA D. FIELDS,**   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | CAUSE NO. 4:06-CV-0139 AS |
| ) | |
| **TONY ROSWARSKI,** *et al.*,   ) | |
| ) | |
| Defendants.   ) | |

*OPINION AND ORDER*

Eberaia Fields, a prisoner confined at the Tippecanoe County Jail, filed a complaint under 42 U.S.C. § 1983, alleging that Judge Thomas Bush, Tony Roswarski, Dennis Roush, W.J. Carpenter, J.J. Clyde, David Howard, Erin Howard, Jerry Bean, Cathy Gray, Captain Saxton, and several John Doe defendants violated his federally protected rights during the course of his arrest, prosecution, and confinement**.** He seeks only damages from the defendants.

The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Fields brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Fields alleges that, without his knowledge, Judge Busch entered a restraining order against him against contacting Erin Howard. When Mr. Fields was arrested for violating the restraining order and on criminal charges, Judge Busch proceeded to a hearing without an attorney representing him, and allowed Ms. Howard's attorney to interrupt him while he was presenting his side of the case. He asserts that Erin Howard has written him and called him while he is

confined for violating the restraining order, but Judge Busch has not responded. Judge Busch is also apparently presiding over criminal charges brought against Mr. Fields arising out of the violation of the restraining order.

Judge Busch is entitled to absolute judicial immunity if his actions meet a two-part test: first, the acts must be within the judge's jurisdiction; second, these acts must be performed in the judge's judicial capacity. Judge Busch had the jurisdiction to issue a restraining order and to preside over the hearing for violation of that order and on the criminal charges brought against Mr. Fields. *See John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990), *cert. denied*, 498 U.S. 821 (1990) (test is whether the acts are those normally performed by a judge). Accordingly, Judge Busch is entitled to judicial immunity against Mr. Fields's damage claims.

Mr. Fields sues Prosecutor Jerry Bean and Deputy Prosecutor Cathy Gray. Prosecutors also have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431. "This immunity applies even where the prosecutor acts maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence."*Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). The conduct Mr. Fields asserts in his complaint

constitutes conduct intimately associated with the judicial phase of the criminal process. Accordingly, these defendants are entitled to prosecutorial immunity.

Mr. Fields alleges that Erin Howard, and her father David Howard obtained the restraining order against him based on lies, filed false reports with the police, and slandered him. To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 536 (1981). If the person did not act "under color of state law," the action against him must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The phrase "acting under color of [state] law" is defined as "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . .." *Monroe v. Pape*, 365 U.S. 167, 184 (1961). These defendants are private parties, not state actors. Absent very unusual circumstances, private persons do not "act under color of state law," and the facts presented in this action do not suggest that these defendants acted "under color of state law" when they obtained a restraining order against him, filed reports with the police, and made statements he believes defamed him.

To the extent Mr. Fields wishes to sue these defendants because they provided information against him, Section 1983 did not abrogate the absolute witness immunity existing at common law, *Briscoe v. LaHue*, 460 U.S. 325 (1983). Accordingly, Mr. Fields may not sue these defendants because of testimony or information they may have provided against him. Moreover, even if these defendants slandered Mr. Fields, defamation states no claim upon which relief can

4

be granted under § 1983. *Paul v. Davis*, 424 U.S. 693 (1976); *see also Bone v. Lafayette*, 919 F.2d 64 (7th Cir. 1990).

Mr. Fields alleges that Erin Howard reported a theft and that her father complained about Mr. Fields to LaFayette Mayor Roswarski, and Police Chief Dennis Rouch. Mr. Fields asserts that as a result of these contacts, police officers W.J. Carpenter and J. J. Clyde falsely arrested him on criminal charges after Ms. Howard set him up by asking him to come over and then calling the police. According to the complaint, Officers Carpenter and Clyde arrested Mr. Fields on charges of intimidation, attempted residential entry, and invasion of privacy, and resisting arrest.

Mr. Fields alleges that he was the victim of false arrest because the arrest was based on false reports provided to the police by Erin Howard. The Fourth Amendment does not prohibit all searches and seizures, only those that are "unreasonable." *United States v. McCarthur*, 6 F. 3d 1270, 1275 (7th Cir. 1993). One of the well-established exceptions to the Fourth Amendment's warrant requirement is "the ancient common-law rule that a peace officer [is] permitted to arrest without a warrant for a misdemeanor or felony committed in his presence as well as for a felony not committed in his presence if there [is] reasonable ground for making the arrest." *United States v. Watson*, 423 U.S. 411, 418 (1976). An arrest is reasonable for Fourth Amendment purposes if the arresting officers had probable cause to believe a crime had been committed and that the arrestee was the person who committed that crime. *Michigan v. Summers*, 452 U.S. 692 (1981). The existence of probable cause completely bars a Fourth Amendment

5

claim. *Booker v. Ward,* 94 F.3d 1052, 1057 (7th Cir. 1996) *cert. denied*, 519 U.S. 1113 (1997)*; Jones v. Webb*, 45 F.3d 178, 181 (7th Cir. 1995). A plaintiff may not recover on a Fourth Amendment claim where "'a reasonable officer could have believed [the plaintiff's arrest] to be lawful, in light of clearly established law and the information the [arresting] officer possessed.'" *Hunter v. Bryant*, 502 U.S. 224, 227 (1991), quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

> To succeed on his unlawful arrest claim . . . [the plaintiff] must prove that they arrested him without probable cause. A law enforcement officer has probable cause to arrest when the facts and circumstances within his knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense. We evaluate probable cause not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person in the position of the arresting officer--seeing what he saw, hearing what he heard.

*Booker v. Ward*, 94 F.3d 1052, 1057-58 (7th Cir. 1996) (citations, emphasis, and quotation marks omitted).

The information provided to the arresting officers, which they had no reason to question, identified Mr. Fields as a potential suspect. The factual allegations of the complaint also establish that officers Carpenter and Clyde had probable cause to arrest Mr. Fields because the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent person in believing that the Mr. Fields was involved in intimidation and invasion of privacy, Moreover, they personally observed him attempting residential entry, and resisting arrest.

Mr. Fields alleges that Mayor Roswarski and Police Chief Rouch were partially responsible for his false arrest. The court has already determined that their subordinates, Officers Carpenter and Clyde, did not violate Mr. Fields' Fourth Amendment rights when they placed him under arrest, and defendants Roswarski and Rousch have no personal involvement in Mr. Fields' other claims. Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Zimmerman v. Tribble*, 226 F.3d 568 (7th Cir. 2000); *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993); *Adams v. Pate*, 445 F.2d 105, 107 (7th Cir. 1971).

Mr. Fields alleges that Officers Carpenter and Clyde used "unecessary force upon my arrest." (Complaint at p. 12). "All claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness standard.'" *Graham v. Conner*, 490 U.S. 386, 395, (1989) (emphasis in original). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests

7

at stake." *Graham v. Conner*, 490 U.S. at 396, quoting *United States v. Place*, 462 U.S. 696, 703 (1983). Giving Mr. Fields the benefit of the inferences to which he is entitled at the pleadings stage, his allegation that Officers Carpenter and Clyde used excessive and unnecessary force when arresting him is sufficient to state a Fourth Amendment claim upon which relief can be granted under § 1983.

Finally, Mr. Fields names Sheriff Smokey Anderson, Jail Captain Saxton, and jail "employees working the night of Aug. 19, 06" (Complaint at p. 16), as defendants. He alleges the John Doe jail employees used excessive force on him after Officers Carpenter and Clyde delivered him to the jail. Mr. Fields asserts that these used an entire can of mace on him for no valid reason, and then prevented him from cleaning the residue off. As a result, he alleges that his "vision is very bleary."

The Fourteenth Amendment's due process clause protects pretrial detainees from cruel and unusual punishments, and the Eighth Amendment's cruel and unusual punishments clause protects those convicted of crimes from cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Robinson v. Moses*, 644 F. Supp. 975 (N.D. Ind. 1986). Because Mr. Fields was a pretrial detainee when these events occurred, his claims arise under the Fourteenth Amendment. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently

serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

Giving Mr. Fields the benefit of the inferences to which he is entitled at the pleadings stage, he states a claim against the John Doe officers for excessive force. He does not, however, state a claim against Sheriff Anderson and Captain Saxton because they had no personal involvement in this incident and the doctrine of *respondeat superior*, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d at 1129.

In regard to the Doe defendants, who worked at the jail on August 13, 2006, the excessive use of force claims state a claim upon which relief might be granted. But the plaintiff cannot identify which of the officers who worked on the jail on that date were involved in the excessive use of force. A prisoner needs to furnish the court with sufficient information to identify the defendant, "'John Doe No. 23' won't do." *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). Moreover:

> [I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.

*Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

Accordingly, the court will dismiss the Doe defendants, and the claims against them. If Mr. Fields is able to identify any of these persons through discovery, he may file a motion seeking to amend his complaint to add them as defendants. The court advises Mr. Fields that if he discovers the identity of the

John Doe defendants, he must amend his complaint to name them and provide the materials necessary for the Marshals Service to serve them with process.

The Seventh Circuit allows prisoners to name senior prison or jail officials as defendants for the sole purposed of identifying a lower ranking prison or jail official whose name the inmate plaintiff does not know. *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996); *Duncan v. Duckworth*, 644 F.2d at 655. Accordingly, the court will retain Sheriff Anderson as a defendant for the sole purpose of allowing Mr. Fields to conduct discovery to attempt to identify the jail officials he believed violated his federally protected rights on August 19, 2006. At the conclusion of discovery, the court will dismiss Sheriff Anderson. Sheriff Anderson need not file an answer to the complaint.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against defendants W.J. Carpenter and J.J. Clyde on his Fourth Amendment claim that they used excessive and unnecessary force when they arrested him, and GRANTS the plaintiff leave to proceed against Sheriff Smokey Anderson only for discovery purposes to identify potential defendants whose names he does not know;

(2) **DISMISSES**, pursuant to 28 U.S.C. § 1915A(b)(1), all other claims and **DISMISSES** defendants Thomas Bush, Tony Roswarski, Dennis Roush, David Howard, Erin Howard, Jerry Bean, Cathy Gray, Captain Saxton, and the John Doe defendants, who worked at the jail on August 13, 2006. The dismissal of the John Doe defendants, who worked at the jail on August 13, 2006, and the Fourteenth Amendment excessive use of force claims against

these defendants, is without prejudice to his right to amend his complaint to reinstate those claims and defendants if he can identify the defendants;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that defendants Carpenter and Clyde respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on defendants W.J. Carpenter, J.J. Clyde, and Smokey Anderson on the plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

**IT IS SO ORDERED.**

**DATED**: January 12, 2007

                                      **S/ ALLEN SHARP**
                                      **ALLEN SHARP, JUDGE**
                                      **UNITED STATES DISTRICT COURT**