```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                        LAFAYETTE DIVISION


EBERAIA D. FIELDS,              )
                                )
          Plaintiff             )
                                )
     v.                         )    Case No. 4:06 cv 139
                                )
DON ROUSH, Police Chief; W.J.   )
CARPENTER; J.J. CLYDE; WILLIAM  )
ANDERSON, Sheriff;              )
                                )
          Defendants            )
```

OPINION AND ORDER

This matter is before the court on the Order [Motion] for Defendants to be Cooperative (DE 52) and the Order [Motion] for Hearing (DE 53) filed by the plaintiff, Eberaia D. Fields, on March 8, 2007. For the reasons set forth below, both motions are **DENIED**.

Background

The plaintiff's allegations in this matter regard his arrest and the use of pepper spray on him during the course of his confinement. On January 12, 2007, the district court issued an order that dismissed Thomas Bush, Tony Roswarski, Dennis Roush, David Howard, Erin Howard, Jerry Bean, Cathy Gray, Captain Saxton, and the John Doe defendants. The claims that remain include allegations of excessive force against defendant officers W.J. Carpenter and J.J. Clyde. In addition, the plaintiff was granted leave to proceed against defendant, Sheriff Smokey Anderson, solely for the purpose of identifying the defendants whose names were unknown. On March 20, 2007, the court issued a

scheduling order requiring that this discovery be initiated by April 30, 2007.

On April 12, 2007, Anderson filed a response to the plaintiff's discovery requests providing the names of Sheriff's department officers who were on duty at the time that Fields was incarcerated and pepper sprayed. Anderson provided an incident report from the event and further noted, in response to a request for a video tape of the incident, that no video tape exists.

Field's motion challenges Anderson's response, alleging that the incident report contains false statements and insisting that the incident in question was captured on videotape. Fields also argues that defendants Carpenter and Clyde have failed to respond to his requests for "paperwork." Finally, Fields asks the court to "deny interrogatories and disposition" because he plans to plead the Fifth Amendment in response to discovery requests from the defendants.

## Discussion

A party may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(2)-(3). The court has broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines Inc.*, 95 F.3d 492, 496 (7th Cir. 1996); *Patterson v. Avery Dennison Corporation*, 281 F.3d 676, 681 (7th Cir. 2002) ("[T]he court should consider the totality of the circumstances,

2

weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function in the particular case before the court.")(internal citations omitted).

To the extent that Fields' motion is construed as a motion to compel, it does not adequately identify any shortcoming in the responses of the remaining defendants. The court's order of January 12, 2007, made clear that Anderson was subject to discovery solely for the purpose of identifying officers involved in the incident forming the basis of Fields' complaint. Anderson's responses provided this information. Further, Fields' allegation regarding the truthfulness of the responses requires the resolution of factual matters that, if necessary, will be addressed in subsequent dispositive stages.  Fields has provided no evidence to support the assertion that a videotape of the incident exists, so no hearing is required at this time.

In addition, Fields' vague reference to "paperwork" sought from defendants Carpenter and Clyde provides no basis from which the court can assess the merit of Fields' request. The docket does not reflect any discovery requests or responses from these defendants. In light of Local Rule 26.2(e) requiring the filing of all discovery in pro se litigation, it is not apparent that there has been any discovery sought that must be enforced according to a motion to compel.

For similar reasons, Fields' assertion of the Fifth Amendment also is premature. The Fifth Amendment privilege against

3

self incrimination may be invoked in criminal or civil matters when an individual's testimony creates a possibility of criminal prosecution. *Kastigar v. United States*, 406 U.S. 441, 444, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). The privilege is applicable in response to specific inquiries that call for an admission of crime or objectively create "some tendency" to subject the individual to criminal liability. *In re High Fructose Corn Syrup Antitrust Litigation*, 295 F.3d 651, 663-64 (7th Cir. 2002). The privilege may be waived when a party voluntary testifies to incriminating facts. *Rogers v. United States*, 340 U.S. 367, 373, 71 S.Ct. 438, 442, 95 L.Ed. 344 (1951); *Harris v. City of Chicago*, 266 F.3d 750, 754 (7th Cir. 2001). *See also Mitchell v. Zenon Construction Company*, 149 F.R.D. 513, 514 (D. V.I. 1992). In addition, adverse inferences may be drawn from Fifth Amendment silence in civil cases. *LaSalle Bank Lake View v. Seguban*, 54 F.3d 587, 590 (7th Cir. 1995).  However, it is not unconstitutional to place litigants in the situation of having to choose between their Fifth Amendment privilege or the adverse inference that may be drawn from the exercise of that privilege. *See e.g. Cruz v. County of DuPage*, 1997 WL 370194 at *2 (N.D. Ill. June 27, 1997).

   Fields has raised a Fifth Amendment privilege apparently in anticipation of all discovery that may be served by the defendants in this case. Such a general blanket assertion of the privilege provides the court with no basis to determine whether a specific inquiry objectively creates a risk of criminal prosecu-

4

tion. Accordingly, to the extent Fields seeks to deny the defendants ability to conduct discovery, the motion is **DENIED**.

_____

For the foregoing reasons, the Order [Motion] for Defendants to be Cooperative (DE 52) and the Order [Motion] for Hearing (DE 53) filed by the plaintiff, Eberaia D. Fields, on March 8, 2007, are **DENIED**.

ENTERED this 27th day of July, 2007

                                                       s/ ANDREW P. RODOVICH
                                                         United States Magistrate Judge