**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| EBERAIA D. FIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:06-CV-139 JVB |
| ) | |
| TONY ROSWARSKI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Eberaia Fields, a prisoner currently confined at the Putnam County Jail, filed a complaint under 42 U.S.C. § 1983, alleging violations of his federally protected rights during his arrest and while he was at the Tippecanoe County Jail. The case is before the Court on Field's Amended Complaint filed on June 20, 2007. Three of the defendants, Kenny King, Mark Cornell, and Joseph Batta have filed a motion to dismiss pursuant to Fed.R.Civ.P.12(b)(6), asserting that Fields' complaint does not state a claim upon which relief can be granted. Fields responded to the motion to dismiss but did not certify that he served his response on the defendants' counsel.

When reviewing *pro se* complaints, a court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519 (1972). A court must accept the well-pleaded factual allegations as true, and "construe such allegations in favor of the plaintiff." *Roots Partnership v. Lands' End, Inc.,* 965 F.2d 1411, 1416 (7th Cir. 1992). Although ambiguities in the complaint should be interpreted in the plaintiff's favor, *Canedy v. Boardman*, 16 F.3d 183, 188 (7th Cir. 1994), a court need not strain to find inferences favorable to the plaintiff which are not apparent on the face of the complaint, *Coates v. Illinois State Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977), or ignore factual allegations set forth in the complaint that undermine the

plaintiff's claim. *City Nat'l Bank of Florida v. Checkers, Simon & Rosner*, 32 F.3d 277, 281 (7th Cir. 1994).

In his Amended Complaint, Fields alleges that when he arrived at the Tippecanoe County Jail, after being arrested, Sergeant David Fisher[1] sprayed him with pepper spray. He asserts that the moving defendants were present when the incident occurred but did not intervene. After Sgt. Fisher sprayed him, Fields alleges that officers stripped him of his clothing and carried him to a padded cell.

To state a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution or laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). Section 1983 creates a cause of action for damages based on personal liability. A plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985).

Fields' Amended Complaint asserts that, as he was being escorted into the jail, Sgt. Fisher told him not to say another word. Fields states that he responded by saying another word and that Sgt. Fisher responded by spraying him with pepper spray for five minutes. He alleges that officers then stripped him and took him to a padded cell without washing the pepper spray off of his skin. He states that he did not see a nurse until the next day, and that for the next two weeks "there was

---

[1] The docket, and the answer filed on July 18, 2007, identify this defendant as Sergeant David Fisher, but the Amended Complaint refers to him as Sgt. David King. The Court will refer to this defendant as Sgt. Fisher in this Opinion and Order.

green stuff coming out of [his] eyes [as a] result of how much pepper spray was in [his] eyes." (Amended Complaint at 4).

The Eighth Amendment protects convicted prisoners from cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause. *Id.* "An act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988). A violation of the Eighth Amendment's cruel and unusual punishment clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

The Eighth Amendment prohibits "cruel and unusual punishment." When evaluating claims of cruel and unusual punishment, a court must consider (1) whether, subjectively, the defendant acted with a sufficiently culpable state of mind, and (2) whether, objectively, in light of "contemporary standards of decency," the alleged deprivation was sufficiently serious. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298, 303; *Thomas v. Stalter,* 20 F.3d 298, 301 (7th Cir. 1994); *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). An officer's use of force against an inmate may give rise to an Eighth Amendment claim, but "[t]hat is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson,* 503 U.S. at 10. In evaluating whether jail officials used excessive and unnecessary force, a court considers factors such as the need for the application of force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986). The

3

"core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7.

The moving defendants suggest that Sgt. Fisher's use of pepper spray to quiet Fields did not rise to the level of a Constitutional violation. But the Amended Complaint alleges that "the spray continued for almost 5 minutes" and that Sgt. Fisher "emptied the can" on him. (Amended Complaint at 3). Giving Fields the benefit of the inferences to which he is entitled at the pleadings stage, the Court cannot say, as a matter of law, that spraying a prisoner with pepper spray for five minutes for "saying another word" was a good-faith effort to restore or maintain discipline. Accordingly, the Court will assume that Sgt. Fisher's use of pepper spray was an excessive use of force.

The moving defendants were present, but apparently not directly involved in escorting Fields. Police officers who have a realistic opportunity to step forward and prevent another officer from using excessive or unnecessary force but do not may be held liable in a § 1983 action. *Yang v. Hardin*, 37 F.3d 282 (7th Cir. 1994). Liability may accrue if an officer had reason to know that excessive force was being used "*and* the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Id.* at 285 (emphasis in original).

To be entitled to dismissal, the moving defendants would need to have had no realistic opportunity to intervene. If Sgt. Fisher's use of pepper spray had been brief and without warning, these defendants would have had no realistic opportunity to intervene. But Fields alleges that the incident lasted five minutes. Accepting this statement as true, as the Court must at the pleadings stage, the Court cannot say that the moving defendants had no realistic opportunity to intervene.

4

For the foregoing reasons, the Court **DENIES** defendants Kenny King, Mark Cornell, and Joseph Batta's motion to dismiss [DE 72].  The Court affords these defendants to and including February 8, 2008, within which to file their answer to the Amended Complaint.

SO ORDERED on January 11, 2008.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
HAMMOND DIVISION
