**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | | |
|---|---|---|
| EBERAIA D. FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 4:06-CV-0139 AS |
| | ) | |
| TONY ROSWARSKI, DON ROUSCH, | ) | |
| W.J. CARPENTER, J.J. CLYDE, DAVID | ) | |
| HOWARD, ERIN HOWARD, JERRY | ) | |
| BEAN, CATHY GRAY, WILLIAM | ) | |
| ANDERSON, SAXON, TIPPECANOE | ) | |
| COUNTY JAIL EMPLOYEES, THOMAS | ) | |
| BUSH, JOHN DOES, DAVID FISHER, | ) | |
| KING, CORNELL, and BATTA, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Eberaia Fields, a prisoner currently committed to the Indiana Department of Correction, submitted a complaint under 42 U.S.C. § 1983, alleging that his federally protected rights were violated by numerous officials when he was arrested in LaFayette, Indiana, and taken to the Tippecanoe County Jail. The claims remaining before the court are that LaFayette Police Officers W. J. Carpenter and J. J. Clyde used excessive and unnecessary force when they arrested Fields and that Tippecanoe County Custody Officers Fisher, King, Cornell, and Batta used excessive force on him at the jail by unnecessarily spraying him with pepper spray for an unreasonable period of time.

Four of the defendants, Officers Fisher, King, Cornell, and Batta ("Tippecanoe County Defendants") have moved for summary judgment pursuant

to FED. R. CIV. P. 56. on the question of whether Fields exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). In the alternative, they seek summary judgment on the merits. Fields filed a motion to dismiss summary judgment (docket #183) which the court is treating as a response to the Tippecanoe County Defendants' summary judgment motion.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. *Hughes v. Joliet Correctional Ctr.*, 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. *Celotex Corp.*, 477 U.S. at 324.
> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

*McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996).

Where the court determines that a prisoner plaintiff has not exhausted his administrative remedies, it must dismiss a claim without considering the merits. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999). "[T]he court

must not proceed to render a substantive decision until it has first considered §

1997e(a). The statute gives prisons and their officials a valuable entitlement — the

right *not* to face a decision on the merits — which courts must respect if a

defendant chooses to invoke it." *Id.* at 536. (emphasis in original). Accordingly, the

court will review the Tippecanoe County Defendants' exhaustion argument first,

and will address the merits only if it concludes that Fields exhausted his

administrative remedies.

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available

prison or jail grievance procedure before they may file a § 1983 claim regarding

conditions of confinement. *Booth v. Churner*, 532 U.S. 731 (2001); *Perez v.

Wisconsin Dept. of Corrections*, 182 F.3d at 537. Section 1997e "applies to 'all

inmate suits, whether they involve general conditions or particular episodes, and

whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d

485, 488 (7th Cir. 2002), *quoting Porter v. Nussle*, 534 U.S. 516, 122 (2002). "For

a prisoner to exhaust his remedies within the meaning of § 1997e(a), he must 'file

complaints and appeals in the place, and at the time, the prison's administrative

rules require.'" *Burrell v. Powers*, 431 F.3d. 282, 285 (7th Cir. 2005), quoting *Pozo

v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Exhaustion of administrative

remedies is a condition precedent to suit in federal court. *Perez v. Wisconsin Dept.

of Corrections*, 182 F.3d at 335. Although not depriving the courts of subject-

matter jurisdiction, the comprehensive administrative exhaustion requirement

requires dismissal of any claim in which an available administrative remedy has not been exhausted. *Massey v. Wheeler*, 221 F.3d 1030 (7th Cir. 2000). Dismissal of a complaint pursuant to 28 U.S.C. § 1997e(a) should be without prejudice. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d at 534.

In support of their summary judgment motion, the Tippecanoe County Defendants submit the affidavit of Tippecanoe County Jail Commander Denise Saxon and a copy of the Tippecanoe County Jail Inmate Guide. These submissions establish that the jail had a grievance policy when Fields was housed there, and that the issue he presents in this complaint was grieveable.

According to Saxon's affidavit, Fields did not file a timely grievance dealing with this incident though he did file a belated grievance, which was denied. Saxon states that Fields did not appeal the denial of this grievance as provided for by the jail grievance policy. A prisoner who has not appealed the dismissal of his grievance has not exhausted his administrative remedies for purposes of § 1997e(a). *Dixon v. Page*, 291 F.3d 485, 490 (7th Cir. 2002).

Because the defendants met their initial obligation under Fed. R. Civ. P. 56, the burden fell upon Fields to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, would allow a factfinder to decide in his favor the question of whether he completed the administrative grievance procedure, thereby exhausting his administrative remedies. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Although the Tippecanoe County Defendants provided Fields with an

extensive warning, pursuant to *Kincaid v. Vail,* 969 F.2d 594 (7th Cir. 1992), *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992), and *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982), of the consequences of not submitting an affidavit stating facts opposing their dispositive motion (docket #174), Fields' response does not include an affidavit or other testimony under penalty of perjury.

In his unsworn statement, Fields states that he filed a grievance shortly after the incident, and that he filed another grievance when it became clear that the first grievance had gone astray. He does not state that he appealed the denial of the second grievance. Even giving Fields the benefit of every inference, even crediting his unsworn statement, he did not exhaust his administrative remedies because he did not appeal the denial of the grievance the jail administration had responded to. *Dixon v. Page*, 291 F.3d 485, 490 (7th Cir. 2002) (prisoner who has not appealed the dismissal of his grievance has not exhausted his administrative remedies for purposes of § 1997e(a)).

Because he has not come forth with admissible evidence that he appealed the denial of his grievance, Fields has not met his burden of coming forth with evidence sufficient which, if viewed reasonably in his favor, would allow a factfinder to decide the question of exhaustion of administrative remedies in his favor. Because the court concludes that the Tippecanoe County Defendants are entitled to summary judgment on the question of exhaustion, it will not address the merits of Fields' claim against them.

For the foregoing reasons, the court **GRANTS** defendants Fisher, King, Cornell, and Batta's motion for summary judgment (Docket #172), and **DISMISSES** them from this case without prejudice pursuant to 28 U.S.C. § 1997e(a).

**IT IS SO ORDERED.**

**ENTERED**: August 25, 2008

_____/s/ ALLEN SHARP_____
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**
