# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| EBERAIA D. FIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 4:06-CV-0139 AS |
| ) | |
| TONY ROSWARSKI, DON ROUSCH, ) | |
| W.J. CARPENTER, J.J. CLYDE, DAVID ) | |
| HOWARD, ERIN HOWARD, JERRY ) | |
| BEAN, CATHY GRAY, WILLIAM ) | |
| ANDERSON, SAXON, TIPPECANOE ) | |
| COUNTY JAIL EMPLOYEES, THOMAS ) | |
| BUSH, JOHN DOES, DAVID FISHER, ) | |
| KING, CORNELL, and BATTA, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Eberaia Fields, a prisoner currently committed to the Indiana Department of Correction, submitted a complaint under 42 U.S.C. § 1983, alleging that his federally protected rights were violated by numerous officials when he was arrested in LaFayette, Indiana, and taken to the Tippecanoe County Jail. The claims remaining before the court are that LaFayette Police Officers W. J. Carpenter and J. J. Clyde used excessive and unnecessary force when they arrested him. These defendants have moved for summary judgment pursuant to FED. R. CIV. P. 56 and Fields has responded.

>  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the

> moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. *Hughes v. Joliet Correctional Ctr.*, 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. *Celotex Corp.*, 477 U.S. at 324.
>
> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

*McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996).

Fields alleges that Officers Carpenter and Clyde used "unnecessary force upon my arrest." (Complaint at p. 12). He specifically asserts that the officers placed handcuffs too tightly on his wrists causing pain and bruising. "All claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness standard.'" *Graham v. Conner*, 490 U.S. 386, 395, (1989) (emphasis in original). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the

countervailing governmental interests at stake." *Graham v. Conner*, 490 U.S. at 396, quoting *United States v. Place*, 462 U.S. 696, 703 (1983).

In support of their summary judgment motion, the defendants submit their affidavits, portions of Fields' deposition, hospital records, and documents from the criminal prosecution against Fields. These documents establish that Fields violated a restraining order by appearing at the apartment of Erin Howard. She complained, and the defendants were dispatched to the scene. When they arrived, they found Fields was intoxicated and uncooperative, and they took him into custody and handcuffed him. According to the defendants' affidavits they used the handcuffs as they had been trained, there was space between Fields' wrists and the handcuffs, and they did not intentionally pull on the handcuffs when they were moving him. The medical evaluation at the hospital shows no abrasions on Fields' wrists.

Fields has responded with "answers" to the defendants' affidavits in which he states his agreement or disagreement with the statements contained in their affidavits. Fields' submissions, however, are not sworn under oath, so the court may not treat his statements as affidavits for the purposes of creating disputed issues of fact.

The defendants have submitted statements under oath which, if not contested by contradictory sworn testimony, the court must accept as true. If the facts are as stated in the defendants' affidavits, the force they used to restrain

Fields was reasonable under the Fourth Amendment standards set forth in *Graham v. Conner.*

Because the defendants met their initial obligation under Fed. R. Civ. P. 56, the burden fell upon Fields to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, would allow a factfinder to decide in his favor the question of whether the moving defendants used excessive force on him. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). Although the defendants provided Fields with an extensive warning, pursuant to *Kincaid v. Vail,* 969 F.2d 594 (7th Cir. 1992), *Timms v. Frank,* 953 F.2d 281 (7th Cir. 1992), and *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982), of the consequences of not submitting an affidavit stating facts opposing their dispositive motion (docket #161), Fields has not submitted an affidavit or other testimony under penalty of perjury contesting the defendants' affidavits. The plaintiff has submitted unsworn statements which contradict portions of the defendants' version of events but, as it has already noted in this memorandum, the court cannot treat his statements as affidavits for the purposes of creating disputed issues of fact.

Because he has not come forth with admissible evidence contesting the defendants' affidavits, Fields has not met his burden of coming forth with evidence sufficient which, if viewed reasonably in his favor, would allow a factfinder to decide the question of whether defendants Carpenter and Clyde used excessive

force on Fields when they arrested him in his favor. Accordingly, the moving defendants are entitled to summary judgment.

For the foregoing reasons, the court **GRANTS** defendants Carpenter and Clyde's motion for summary judgment (Docket #159), and **DIRECTS** the clerk to enter judgment in favor of the defendants and against the plaintiff.

**IT IS SO ORDERED.**

**ENTERED**: August 27, 2008

/s/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**